IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHEJIANG OUHAI INT'L TRADE CORP., | No. C-09-03360 EDL |
| Plaintiff, | **ORDER DENYING MOTION TO TRANSFER TO SOUTHERN DISTRICT OF TEXAS AND GRANTING MOTION TO TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA** |
| v. | |
| SOUTHERN CAL. VALVE EQUIPMENT COMPANY, INC., | |
| Defendant. | |

In this commercial contract cross-action, Defendants have filed a Motion to Transfer Venue, arguing alternatively that: (1) the action should be transferred to the Southern District of Texas pursuant to 28 U.S.C. § 1404; or (2) the action should be transferred to the Central District of California because it was filed in an improper district under 28 U.S.C. § 1391. Plaintiff counters that venue is proper in the Northern District of California, and that this is a more convenient forum and there is no basis for the Court to transfer the case to the Southern District of Texas. For the following reasons, the Motion to Transfer to the Southern District of Texas pursuant to 28 U.S.C. § 1404 is DENIED, and the Motion to Transfer to the Central District of California on the basis of improper venue is GRANTED.

**I.    Background**

Plaintiff Zhejiang Ouhai International Trade Corp. ("Ouhai") is China-based corporation. Compl. ¶ 1; Li Decl. ¶ 3. Ouhai's July 22, 2009 Complaint brought claims against Defendants Southern California Valve, Inc., Southern California Valve Equipment Company, Inc., Southern California Valve Management Company, Inc., and Southern California Valve Property Holdings, Inc. (collectively "SVC"). SVC is a California corporation with its principal place of business in Santa Fe Springs, California. Compl. ¶¶ 2-6; Bullard Decl. ¶¶ 7, 11, 15, 19. The Complaint is based

on diversity jurisdiction and generally alleges that, pursuant to a series of purchase orders by SVC, Ouhai delivered valve products to SVC's authorized agent in China where they were inspected and accepted and then sent on to SVC in Long Beach, California. Compl. ¶¶ 12-29. The Complaint states that SVC has not paid Ouhai in full for these valves and brings claims for breach of contract, unjust enrichment, common counts and fraud. Id.

In response to Ouhai's Complaint, on August 12, 2009 SVC filed an Answer and Counterclaim. SVC's Counterclaim for breach of contract and breach of warranty relates to a transaction for the sale of valves, allegedly between Ouhai and SVC's sales office in Houston, Texas, which SVC claims were defective and did not operate properly in the field during customary operation. Counterclaim at ¶¶ 4-6. On November 14, 2009, SVC filed an Amended Answer and Counterclaim stating identical counterclaims but changing its response to some of the allegations in the Complaint. Notably, in SVC's initial Answer, it admitted the allegations of paragraph 7 of the Complaint, that it "is one of the largest West Coast full range, field service companies, and supplies products and/or services in this judicial district." See Answer and Counterclaim at ¶ 4. In its Amended Answer, SVC changed its response to deny this allegation in its entirety. See Amended Answer and Counterclaim at ¶ 4. Counsel for SVC states that the initial response was an error as he had always intended to deny this factual allegation. See Caballero Decl. ¶ 4. Mr. Caballero notes that he made clear to Plaintiff's counsel from the beginning that SVC intended to challenge venue, and SVC denied that venue was proper even in its initial answer. Id. ¶¶ 5, 7.

On November 3, 2009, this Court held a Case Management Conference in which it set an expedited briefing and hearing schedule on the Motion to Transfer, and SVC timely filed its Motion on November 20, 2009.

**II.    Legal Standard**

SVC argues that the case should be transferred to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under this statute, whether an action should be transferred involves a two-step inquiry. The transferor court must first determine whether the action "might have been brought" in the

transferee court, and then the court must make an "individualized, case-by-case consideration of convenience and fairness." Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1098 (N.D. Cal. 2006) (Judge Patel) (citing Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir.1985); Jones v. GNC Franchising, 211 F.3d 495, 498 (9th Cir. 2000)). The burden is on Defendants to show that transfer is needed. See Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir.1979).

With respect to the second prong of the analysis, the statute instructs the Court to consider at least three factors in deciding whether to transfer a case to another court: (1) convenience of parties; (2) convenience of witnesses; and (3) the interest of justice. Ninth Circuit precedent requires that a fourth factor be weighed: the plaintiff's choice of forum. See Securities Investor Prot. Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985). "Weighing of these factors for and against transfer involves subtle considerations" and is left to the discretion of the transferor court. Savage, 611 F.2d at 279. In determining the convenience of the parties and witnesses and the interests of justice, a court may consider a number of factors, including: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Jones, 211 F.3d at 498-99.

In the usual case, unless the balance of the section 1404(a) factors weighs heavily in favor of the defendants, "the plaintiff's choice of forum should rarely be disturbed." Securities Investor, 764 F.2d at 1317; see also Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("defendant must make a strong showing . . . to warrant upsetting the plaintiff's choice of forum"). However, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." Pacific Car and Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968).

3

Alternatively, SVC argues that venue is improper in the Northern District of California under 28 U.S.C. § 1391, and the case should have been filed in the Central District of California. Pursuant to 28 U.S.C. § 1391(a):

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Pursuant to section 1391(c):

> A "corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

Under 28 U.S.C. § 1406(a), if the Court finds that venue is inappropriate, it may dismiss the case or, "if it be in the interest of justice, transfer such case to any district or division in which is could have been brought."

**III.  Analysis**

    **A.  Transfer To the Southern District of Texas Pursuant To 28 U.S.C. § 1404**

SVC seeks to have this case transferred to the Southern District of Texas on the basis that the Texas forum will be more convenient to it, and will not be any more inconvenient to Plaintiff. Plaintiff counters that the Motion fails to show that the Southern District of Texas would be sufficiently more convenient to overcome the deference given to Plaintiff's choice of forum.

Neither party disputes that the first prong of the § 1404(a) analysis is met. This action might have been brought under 28 U.S.C. § 1391 in the Southern District of Texas because a substantial part of the alleged events and omissions occurred in the district. See 28 U.S.C. § 1391(a)(2); see also Complaint, Ex. 1 (purchase order referencing SVC's "Sales and Project Office Houston, Texas" with a Texas phone number); Ex. 2 (bill of lading listing a Texas agent for delivery); Amended

4

1 Counterclaim at ¶ 4 ("SVC, through its sales office in Houston, Texas, and ZHEJIANG for valuable
2 consideration entered into an agreement . . . "); see generally McCarra Decl.

3      As discussed above, the second prong of the § 1404(a) analysis requires the Court to consider
4 the three factors set forth in the statute: (1) the convenience of parties; (2) the convenience of
5 witnesses; and (3) the interests of justice. Courts also weigh the plaintiff's choice of forum. See
6 Securities Investor Prot. Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir.1985).

7      Plaintiff relies heavily on the deference that it claims should be given to its choice of forum.
8 However, because there is no allegation that any of the operative facts in the Complaint or
9 Counterclaim occurred in this judicial district, no party is a resident of this district, and the district
10 has no particular interest in the subject matter of this commercial contract dispute, Plaintiff's choice
11 is entitled only to "minimal consideration." See, e.g., Pacific Car and Foundry Co. v. Pence, 403
12 F.2d 949, 954 (9th Cir. 1968); Fabus Co. v. Asiana Exp. Co., 2001 WL 253185 at *1 (N.D. Cal.,
13 Mar. 1, 2001). This factor therefore supports Plaintiff's position only slightly.

14      With respect to the convenience of the parties and witnesses, SVC argues that its relevant
15 office, primary witnesses, and evidence relating to the transactions at issue are all located in the
16 Southern District of Texas, and have no connection to this district. See McCarra Decl. ¶¶ 21, 23.
17 SVC contends that Plaintiff's witnesses are all located in China, and therefore will have to travel a
18 great distance to participate in the litigation, wherever it is held. SVC also contends that delivery of
19 the products in question was arranged through a Texas company (Reply at 8:18-25; Compl., Ex. 2),
20 and presumably that entity would also have witnesses and documents relevant to the transaction
21 located in Texas.

22      Plaintiff counters that travel from China to Texas is more inconvenient than travel from
23 China to California because it takes longer, and that it will be more inconvenienced by being
24 required to travel and bring documents to Texas. See Li Decl. ¶ 21. Additionally, one of Plaintiff's
25 witnesses, Mr. Li, claims that SVC previously threatened him with arrest if he travelled to Texas,
26 and therefore he is afraid to travel there. See id. Plaintiff also contends that, of SVC's two primary
27 witnesses, one is in Texas and one is in California, so any burden to one of them is offset by the
28 burden to the other. Defendant's Reply, however, notes that the Court need not consider the burden

United States District Court
For the Northern District of California

to a witness affiliated with the party seeking transfer, as obviously that party is willing to accept the burden. Plaintiff also argues that SVC represented itself as a California corporation when doing business with Plaintiff. See Li Decl. ¶¶ 6-7. Finally, Plaintiff argues that its attorneys are licensed to practice in California (though some apparently live in Washington D.C.), and a transfer would be burdensome because it would be forced to engage Texas counsel. However, convenience of counsel, or the need to engage new counsel in the transferee state, is not a valid consideration. See Panetta v. SAP Am. Inc., 2005 WL 1774327 *5 (N.D.Cal. July 26, 2005) ("the location of plaintiff's counsel is immaterial to a determination of the convenience and justice of a particular forum"); Windward v. Pfizer, Inc ., 2007 U.S. Dist. LEXIS 82885, at *11 (N.D.Cal. 2007) ("The location of counsel and the need to retain counsel in the transferee district is of little, if any weight in considering a motion to transfer pursuant to section 1404(a)"). On balance, Plaintiff's argument that it is easier to travel from China to California than Texas is persuasive, SVC is a California corporation with at least one witness located in this state, and SVC represented itself as a California company when doing business, so these factors weigh slightly in favor of maintaining the action in California.

Regarding ease of access to evidence, SVC argues that the defective product parts at issue in its Counterclaim are located in Texas and are bulky, heavy and difficult to transport. Motion at 9; see also McCarra Decl. ¶ 23 (some of the defective valves as well as relevant documents are in Texas). Plaintiff counters that SVC has previously admitted that the valves could be shipped for approximately $9747.00 (or $49 each), so the cost of shipping is not prohibitive. See Opp. at 11 (citing Mei Decl. ¶ 7). Additionally, Plaintiff argues that its initial Complaint is based on SVC's failure to pay an invoice, and does not relate to SVC's satellite Texas office or any employee there. See generally Complaint. Regarding the Counterclaim, Plaintiff argues that SVC admits that its California office was responsible for receiving and inspecting the valves in question, which it claims is what is most relevant for evidentiary purposes. See McCarra Decl. ¶ 21. SVC counters that its failure to pay, forming the basis of the initial Complaint, was directly related to the defective valves that were purchased through the Texas office, so the evidence is the same for all claims and located in Texas. See id.

Again, this is a close call but SVC makes the stronger argument here. The Counterclaim

clearly alleges that the contract negotiations and dealings between the parties went through Texas, not California, and Plaintiff's Opposition does not dispute this. Additionally, the majority of the physical and documentary evidence is in Texas and/or China, with little or none in California.

SVC next argues that Texas law should control the issues in the case because the contracts and purchase orders were negotiated in Texas, drafted and modified in Texas, and payment was delivered through Texas, and this also supports transfer. See generally McCarra Decl. Plaintiff does not dispute this point, and the Complaint relies on general common law without specifying a state law. However, because the claims and counterclaims are fairly standard common law, breach of contract type claims and there is likely to be very little difference between the law of Texas and the law of California, either Texas or California courts are equipped to rule on the claims under either law. Therefore this factor is neutral.

SVC finally contends that California has no local interest in the dispute and no stake in the outcome, because no party has an office in the district and SVC conducts no business in the district. Motion at 10. However, Plaintiff persuasively points out that California has some interest in the business dealings of California corporations, and all of the defendants are admittedly California corporations. This factor therefore favors Plaintiff slightly.

Neither party directly addresses the question of court congestion and time to trial, but Plaintiff argues that this district has already invested time and resources toward resolving this dispute. Plaintiff points out that the case has been pending for over four months, during which time the parties have filed amended pleadings, engaged in a scheduling conference, started discovery, and initiated mediation. However, these advances in the litigation will not be for naught even if the case is transferred. The amended pleadings have already been filed and will be effective in the transferee court, the parties can and should continue mediation efforts and discovery without delay, and no trial or related dates have been set because this Court was waiting to rule on the Motion to Transfer before setting dates. Therefore this factor is neutral.

On balance, and though a close call, transfer to Texas is not warranted under Section 1404. Plaintiff has shown that it is easier for it to conduct the litigation in California, SVC is a California corporation with principal offices in California, at least some part of the transactions at issue (i.e.,

1 inspection and repair of the allegedly defective valves) occurred in California, and the deference
2 given to Plaintiff's choice of forum because all of the Defendants are California residents tips the
3 balance in favor of California.

### B. Venue Under 28 U.S.C. § 1391

In the alternative, SVC argues that venue is improper in this district and the case should have been filed in the Central District of California. According to SVC, all of the defendants have their principal office and place of business in Los Angeles County, are not residents of or domiciled within the Northern District of California, do not employ anyone in this district, and do not conduct any business within this district. Motion at 3, 11; Bullard Decl. ¶¶ 7-21. Further, SVC contends that "no portion of the underlying transaction had any contact with the Northern district [sic] of California. There are no witnesses to this transaction who are located within or who reside within the Northern District of California." Id. at 11; see also McCarra Decl. ¶ 23. SVC therefore requests that the case be transferred to the Central District of California.[1]

Plaintiff counters that venue is proper in this district pursuant to section 1391(c) because SVC has "minimum contacts" with the forum. Opp. at 7 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Plaintiff relies on a statement its attorney claims to have seen on SVC's website that it is "one of the largest West Coast full range, field service companies." See Opp. at 7 (citing Mei Decl. ¶¶ 4-6). However, Plaintiff's counsel's declaration does not attach a copy of the website page, or even provide a web address for it, nor does counsel ask the Court to take judicial notice of the information on the website. Further, this alleged website statement alone, even if considered, gives no indication that SVC has contacts with this district specifically, as opposed to other districts on the West Coast.

Plaintiff also relies on SVC's admission in its initial Answer and Counterclaim that it is "one of the largest West Coast full range, field service companies and supplies products and/or services in this judicial district." See Answer at ¶ 4. Plaintiff argues that this is a judicial admission and the

---

[1] Neither party requests that the case be dismissed under section 1406(a) if venue is found to be improper. Also, neither party has conducted any in-depth analysis of the section 1404 transfer factors as they relate to the Central District of California, other than in connection with the request to transfer to Texas.

8

Court should not consider the Amended Answer and Counterclaim denying this allegation because the initial pleading error has not been adequately explained.  However, "[f]actual assertions in pleadings, <u>unless amended</u>, are considered judicial admissions conclusively binding on the party who made them." <u>Sicor Ltd. v. Cetus Corp.</u>, 51 F.3d 848, 860 (9th Cir. 1995) (emphasis added).  If the party explains the error in a subsequent pleading, the trial court must accord the explanation due weight. <u>Id</u>. at 859-60.  Here, attorney Caballero has stated, under penalty of perjury, that he always intended to deny the allegation and the admission was in error.  Caballeo Decl. ¶ 4.  At oral argument, counsel for SVC further explained that the admission was an attorney error and that SVC always challenged venue.  This is sufficient for the Court to consider the Amended Answer's denial of the allegation, and therefore there is no longer an "admission" that SVC supplies products and/or services in this judicial district.  Plaintiff points out that the Amended Answer denies the entirety of paragraph 7 of the Complaint, including the allegation that SVC is "one of the largest West Coast full range, field service companies" which appears on the company's website.  However, SVC's Reply explains that it denied this allegation in its entirety because the Complaint lumps all defendants together and not all of them can admit all parts of this allegation.  Reply at 5:1-19.  The evidence supplied by SVC unequivocally states that it does not supply products or services in this judicial district.  <u>See</u> Bullard Decl. ¶¶ 7-21; McCarra Decl. ¶ 23.

Finally, Plaintiff relies on a United States Nuclear Regulatory Commission Office of Nuclear Reactor Regulation Information Notice to argue that SVC has done business with at least one California business residing in this district.  Opp. at 7.  Plaintiff's counsel claims that he reviewed this Information Notice prior to filing suit, and states that the Notice shows that an entity known as "Southern California Valve Maintenance Company, Inc." sold valves to, among others, a company named P.E. O'Hair.  Mei Decl. ¶ 5.  Plaintiff's counsel claims he then conducted research to find that P.E. O'Hair is a San Jose, California company.  <u>Id</u>. ¶ 6.  Plaintiff has not provided a copy of the Information Notice nor has it requested that the Court take judicial notice of the Information Notice.  Plaintiff also has not provided any documentation revealing its counsel's research to show that P.E. O'Hair is a corporation residing in San Jose, California or elsewhere in this district.  Even accepting these claims as true, however, Plaintiff has failed to explain the connection between the entity listed

9

in the Information Notice, "Southern California Valve Maintenance Company, Inc.," and the SVC defendants in this action. More importantly, one alleged sale in or before 1991 does not show contacts would create sufficient minimum contacts with this district at least 18 years later. Therefore, even if the Court were to consider this Information Notice or Mr. Mei's testimony about it,[2] at most it shows that an apparently SCV-related entity (though not one of the named defendants) made one sale, sometime in or before 1991, to an entity that Plaintiff's counsel claims resides in this district. This does not establish minimum contacts sufficient to subject SVC to personal jurisdiction in this district at the time the action was commenced. See 28 U.S.C. § 1391(a)(3), 1391(c).

Plaintiff has not opposed SVC's argument that venue is improper because no portion of the underlying transaction had any contact with the Northern District of California, and that no witnesses to the transaction are located within the district. See 28 U.S.C. § 1391(a)(2); Motion at 11; McCarra Decl. ¶ 23. A review of the Complaint and Counterclaim shows that there is no connection between this district and the transactions at issue. Therefore, venue is improper in this district under section 1391(a)(2) as well.

Finally, Plaintiff has not opposed Plaintiff's argument that venue in the Central District of California is proper. Plaintiff's Complaint alleges that SVC has its place of business in Santa Fe Springs, California (Compl. ¶¶ 2-5), and its declarant admits that purchase orders it received from SVC contained a Santa Fe Springs, California address (Li Decl. ¶ 7). The Complaint also states that the products in question were shipped from China to Long Beach, California. Compl. ¶¶ 14, 15, 19, 23, 27. Both Santa Fe Springs and Long Beach, California are located in the Central District of California, and therefore venue is appropriate the Central District under any of the provisions of section 1391(a).

For the foregoing reasons, the Court hereby DENIES SVC's Motion to Transfer to the Southern District of Texas pursuant to 28 U.S.C. § 1404, and GRANTS the Motion to Transfer to the Central District of California on the basis of improper venue. The Clerk is hereby Ordered to

---

[2] In response to Mr. Mei's testimony, SVC filed a document entitled "Objections to Declaration of Lei Mei," arguing that paragraphs four through six of the Mei Declaration, relating to the Information Notice and SVC's website, are hearsay, irrelevant, and lack foundation. The court need not rule on these objections because even if the testimony is considered it is insufficient to show minimum contacts with this district for venue purposes.

transfer the case to the Central District of California. The hearing before this Court on January 19, 2010 regarding Plaintiff's Motion for Summary Judgment is VACATED.

**IT IS SO ORDERED.**

Dated:   December 16, 2009

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

11